**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DAVID L. WELSH, | No. 10-36150 |
| Plaintiff, | D.C. No. 3:04-cv-05143-RBL |
| and | |
| MARK DAVID WELSH, Administrator for the Estate of David L. Welsh, | MEMORANDUM[*] |
| Plaintiff - Appellant, | |
| v. | |
| METROPOLITAN LIFE INSURANCE COMPANY; DELOITTE & TOUCHE GROUP INSURANCE PLAN; DELOITTE & TOUCHE; DELOITTE & TOUCHE LONG TERM DISABILITY PLAN, | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Submitted August 30, 2011[]
Seattle, Washington

Before: HAWKINS, McKEOWN, and BEA, Circuit Judges.

The estate of David L. Welsh ("Welsh") appeals from the district court's grant of summary judgment in favor of Metropolitan Life Insurance Company, et al. ("MetLife"), which administers an employee benefit plan governed by ERISA. We review for abuse of discretion MetLife's denial of Welsh's claim for long term disability benefits, *see Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955, 967-69 (9th Cir. 2006) (en banc) (holding abuse of discretion review is appropriate when ERISA plan grants discretion to the plan administrator), and the district court's denial of a portion of Welsh's discovery requests, *see Preminger v. Peake*, 552 F.3d 757, 768 n.10 (9th Cir. 2008). We have jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm. The parties are familiar with the facts underlying each challenge and thus we do not include them here.

The district court properly granted summary judgment to MetLife because "a review informed by the nature, extent, and effect on the decision-making process" of MetLife's structural conflict of interest, *Abatie*, 458 F.3d at 967, reveals that MetLife did not abuse its discretion in denying Welsh's claim for

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

benefits based on the record before it, in which, for example, one of Welsh's treating physicians submitted conflicting documentation on the question of whether Welsh was disabled.

The district court did not abuse its discretion in denying a portion of Welsh's discovery requests on remand because those requests went beyond the scope of the structural conflict of interest question. The district court had already evaluated the administrative record and had held a bench trial at which it made factual findings regarding the claims process.

The district court properly decided the case on summary judgment. Contrary to Welsh's assertions, *Nolan v. Heald College*, 551 F.3d 1148 (9th Cir. 2009), does not hold that a bench trial is always required on the issue of conflict of interest and bias. Rather, *Nolan* requires the district court to employ the traditional rules of summary judgment and view the evidence of conflict of interest in the light most favorable to the non-moving party. *See id.* at 1154 ("[T]he district court properly considered evidence outside of the administrative record on summary judgment to determine the precise contours of the abuse of discretion standard . . . . However, thereafter the district court considered and weighed that evidence without reference to the traditional rules of summary judgment."). Here, the district court properly construed the evidence in Welsh's favor and held that,

3

nonetheless, Welsh failed to raise a triable issue of fact on the issue of whether MetLife abused its discretion in denying his claim for disability benefits.

**AFFIRMED.**